J-S51008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARL EDWARD JOHNSTON, JR. | : | |
| | : | |
| Appellant | : | No. 886 MDA 2020 |

Appeal from the PCRA Order Entered June 11, 2020
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000763-2017

BEFORE: MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.: **FILED FEBRUARY 24, 2021**

Carl Edward Johnston, Jr. (Appellant) appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.

In a prior decision, we recited the following facts which are relevant to Appellant's underlying claims for post-conviction relief:

> At trial, the Commonwealth introduced the testimony of Officer Nikki Hoffman of the Sayre Borough Police Department. She testified about her recorded interview of Appellant and about pictures she took of a cell phone belonging to [Ms.] Williams, the alleged victim. Appellant told Officer Hoffman that he invited Williams to his home by electronic message. Specifically, Appellant and Williams communicated through Facebook Messenger, and Appellant's name and picture appeared along with the messages he sent to Williams. In one such message, Appellant invited Williams to his home to enjoy some "ice." Officer Hoffman testified that "ice" is a term for methamphetamine. Appellant arranged to pick up Williams at her home in [], New York and bring her back to Appellant's house in Sayre, Bradford County. Appellant also agreed to bring some methamphetamine

with him to New York to give to Williams' boyfriend. After Appellant and Williams arrived at Appellant's house, he injected her with methamphetamine, and the two had sex. Appellant said he helped Williams inject because she had difficulty injecting herself.

Derek Watkins of the Sayre Borough Police Department testified that in executing a search warrant for Appellant's home, he discovered a baggie of empty syringes, a digital scale, a baggie of syringe needles, and a green leafy substance. Officer Jason Serfas of the Athens Township Police Department helped search Appellant's home and found a suitcase in the attic containing a hot plate, tubing, and a gas mask. Those items, combined with others found throughout the house, including drain cleaner and fifty Sudafed pills, led the Commonwealth to charge Appellant with attempted production of methamphetamine.

**Commonwealth v. Johnston**, No. 1651 MDA 2018, at *1-2 (Pa. Super. Ct. Nov. 14, 2019) (citations to record omitted).

We also explained:

On October 2, 2017, the Commonwealth charged Appellant with several counts of assault, including sexual assault, and several drug offenses. On the morning of the first day of trial, prior to swearing in the jury, the Commonwealth dismissed all of the assault charges because the alleged victim was unwilling to testify. At the conclusion of trial, the jury found Appellant guilty of the aforementioned [drug-related] counts, but not guilty of criminal attempt to produce methamphetamine, and the trial court found Appellant guilty of possession of a small amount of marijuana.

**Id.** at 1 (footnotes and citation to record omitted).

On September 6, 2018, the trial court sentenced Appellant to an aggregate 14 to 43 months of incarceration. This Court affirmed Appellant's judgment of sentence on November 14, 2019. **See id.** Appellant did not petition for allowance of appeal with the Pennsylvania Supreme Court.

On December 20, 2019, Appellant timely filed the underlying *pro se* petition for post-conviction relief. The court appointed counsel (PCRA Counsel) on January 6, 2020, and on February 28, 2020, PCRA Counsel filed with the PCRA court a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On March 3, 2020, the PCRA court issued notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. The court found "there are no genuine issues concerning any material fact," and explained "the reasons for dismissal, stated in the 'No Merit' letter, are hereby incorporated by reference." Order, 3/3/20. The court also granted PCRA Counsel's request to withdraw from representation. Thereafter, the court granted Appellant's *pro se* request for an extension of time to file an objection/reply. Appellant filed a *pro se* objection on March 19, 2020, and an amended *pro se* objection on March 31, 2020. The PCRA court dismissed the petition in its order and opinion entered June 11, 2020.

Appellant filed a timely appeal and court-ordered 1925(b) statement. On August 11, 2020, the PCRA court filed an order in lieu of opinion, in which it referenced its June 11, 2020 order and opinion addressing the reasons for dismissal.

On appeal, Appellant presents the same five issues he raised in his 1925(b) statement:

I. Whether the PCRA court erred when it failed to consider material evidence provided by Appellant in his objection to the 907 notice as this evidence was inconsistent with the presentation of a new claim, but instead, supportive of claims raised in the original petition[?]

II. Whether the PCRA court erred when it determined that [Trial C]ounsel was not ineffective for failing to file a suppression motion on the grounds that no probable cause existed to enter Appellant's residence, the "affidavit of probable cause" was defective because it was premised on false information, the affidavit failed to provide a time and date when the alleged incidents occurred, and when the charges which initiated the search of Appellant's residence were dismissed, [Trial C]ounsel, who admitted he should have filed pretrial motions failed to file a motion *in limine* to suppress the evidence[?]

III. Whether the PCRA court erred when it determined that [Trial C]ounsel was not ineffective for failing to object when text messages of [Ms.] Williams' phone were introduced as evidence through Officer Nikki Hoffman as the admission of such violated Appellant's Sixth Amendment right to confrontation[?]

IV. Whether the PCRA court erred when it determined that [Trial C]ounsel was not ineffective for failing to object when the *corpus delecti* rule was violated[?]

V. Whether the PCRA court erred when it determined that [Trial C]ounsel was not ineffective for failing to object to D.A. Barrett's closing argument, as the remarks were not part of the evidence or testimony presented at trial[?]

Appellant's Brief at 2 (unnecessary capitalization omitted).[1]

We begin with our well-settled law that in reviewing the denial of PCRA relief, "we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795,

---

[1] The Commonwealth advised this Court it would "not be filing a reply brief," and "adopts the reasoning of Trial Judge Williams in his Honor's Opinion of June 11, 2020, and also the reasoning of Attorney Wilson in his February 28, 2020 'No Merit' Letter." Commonwealth Correspondence, 9/28/20.

803 (Pa. 2014) (quotations and citations omitted). "To be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, [that] his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.A. § 9543(a)(2)." *Id.*

We further emphasize as a prefatory matter that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Id.* Instantly, Appellant's arguments tend to be unclear and consist primarily of general allusions to trial proceedings, Trial Counsel's ineffectiveness, and random case cites. We therefore address Appellant's issues as best we discern them.

In his first issue, Appellant references "material evidence" in the heading of his argument, and claims the PCRA court erred by not holding "an evidentiary hearing when Appellant submitted the evidence in his 'objection' to the 907 Notice." Appellant's Brief at 10. However, in his March 19, 2020 objection, Appellant primarily assails the advocacy of PCRA Counsel for filing the ***Turner***/***Finley*** no-merit letter, and repeats his claim that Trial Counsel was ineffective; in his March 31, 2020 amended objection, which consists of two, one-sentence paragraphs, Appellant references Trial Counsel's

ineffectiveness. Our review reveals no reason to disturb the PCRA court's determination that an evidentiary hearing was not warranted.

Pennsylvania Rule of Criminal Procedure 907 provides for the disposition of a PCRA petition without a hearing:

Except as provided in Rule 909 for death penalty cases,

(1)     the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to postconviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1).

"Rule 907 pre-dismissal notice affords a petitioner the opportunity to seek leave to amend his petition and correct any material defects. The ultimate goal of this process is to permit merit review by the PCRA court of potentially arguable claims." *Commonwealth v. Weimer*, 167 A.3d 78, 86 (Pa. Super. 2017) (citations omitted). Nevertheless, a petitioner is not entitled to relief based on a PCRA court's failure to explain the reasons supporting its Rule 907 notice where the court provides an opportunity to amend the *pro se* petition, grants the petitioner leave to submit *pro se*

supplements, and accepts filings submitted on the petitioner's behalf following the issuance of Rule 907 notice. *See id.* (citing *Commonwealth v. Albrecht*, 720 A.2d 693, 709-10 (Pa. 1998) (stating that under Pa.R.Crim.P. 1507(a), predecessor to Rule 907, there was no defect in notice of intent to dismiss PCRA petition without hearing where petitioner was afforded both further proceedings and opportunity to present arguments in support of his petition)).

In this case, the PCRA court stated its Rule 907 notice that it had considered PCRA Counsel's "No Merit" Letter, and found "there are no genuine issues concerning any material fact, [Appellant] is not entitled to post-conviction relief, and no purpose would be served by any further proceedings." Order, 3/3/20. The notice also provided Appellant with the opportunity to file a *pro se* response within 20 days. *See id*. As noted, Appellant submitted two *pro se* responses. Accordingly, the PCRA court satisfied the requirements of Rule 907 by providing Appellant with notice of its intent to dismiss, as well as the opportunity to present additional arguments in support of his petition. *See Albrecht*, 720 A.2d at 709-10; *Weimer*, 167 A.3d at 86; *see also Commonwealth v. Ousley*, 21 A.3d 1238, 1246 (Pa. Super. 2011) (holding petitioner received sufficient Rule 907 notice where notice stated that PCRA court intended to dismiss PCRA petition for reasons discussed in counsel's "no-merit" letter). Accordingly, we discern no error by the PCRA court.

In his remaining four issues, Appellant argues the ineffectiveness of Trial Counsel. Our Supreme Court has stated:

It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. **Commonwealth v. Cooper**, 941 A.2d 655, 664 (Pa. 2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." **Id.** A PCRA petitioner must address each of these prongs on appeal. **See Commonwealth v. Natividad**, 938 A.2d 310, 322 (Pa. 2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the **Pierce** elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. **Cooper**, 941 A.2d at 664.

**Commonwealth v. Wholaver**, 177 A.3d 136, 144 (Pa. 2018) (citations modified).

In his second issue, Appellant argues Trial Counsel was ineffective for failing to file a suppression motion based on a defective warrant, stating that the affidavit of probable cause supporting the warrant "did not contain the necessary information" and "the issuing authority lacked the ability to properly issue a search warrant." Appellant's Brief at 12. Appellant claims Trial Counsel "admitted he failed to seek to suppress the evidence obtained pursuant to a defective search warrant." **Id.** Appellant further asserts that "had counsel moved to suppress said evidence, it would not have been available at Appellant's trial [and] Appellant therefore would not have been convicted." **Id.** at 13.

- 8 -

Appellant's argument is not specific as to the alleged defect. However, our review reveals no basis to impugn the search warrant of Appellant's home. PCRA Counsel stated:

[Appellant] avers that the untrue and misleading allegations in the search warrant were related to sexual assault charges that were later dismissed. This is irrelevant. The record shows clearly that those charges were dismissed because the alleged victim refused to testify. This was confirmed in conversations with [the] Assistant District Attorney . . .

Even if those charges were dismissed because they were "false," it does not necessarily follow that the search warrant would be invalid. The search warrant contained allegations by the victim, Ms. Williams. They were allegations she made at the time. True or not, there is no reason to suggest they were intentionally misleading by the police, and thus should not result in suppression. If fact, the statements in the Affidavit are referenced and corroborated by the text messages referenced in the Affidavit.

Lastly, it is also worth mentioning that even if that information was taken out of the search warrant, there were enough statements by [Appellant] which could be used as the basis for a search warrant which would have yielded the same results. Had this search warrant been denied, a new search warrant could have been sought with further details of the text messages and [Appellant's] words at the interview. Accordingly, [Appellant] was not going to escape the evidence of the search of his home at trial.

No-Merit Letter, 2/28/20, at 3-4 (citations to record omitted).

Consistent with the above assessment, the PCRA court found Trial Counsel was not ineffective for failing to pursue suppression. The court concluded that Appellant "has adduced no evidence indicating that trial counsel would have been able to make a pre-trial showing that the search warrant affidavit's affiant improperly included false statements in the search warrant affidavit or that the alleged victim made, or recanted, any untruthful

- 9 -

statements included in the search warrant affidavit."  PCRA Court Opinion, 6/11/20, at 8.  Appellant's second issue lacks merit.

In his third issue, Appellant claims Trial Counsel was ineffective for failing to object to the admission of text messages from Ms. Williams' cell phone because Ms. Williams did not testify at trial.  Appellant's Brief at 18.  Appellant claims the admission violated the Confrontation Clause and was hearsay.  *Id.*

While Trial Counsel did not specifically raise an objection based on the Confrontation Clause, he did object both on the basis that the messages were unauthenticated, and on the basis they were hearsay.[2]  N.T., 6/5/18, at 40-42.  In ruling they were not hearsay, the trial court stated, "We're not really worried what Ms. Williams would say as far as the truth of what she was saying, but it's what [Officer Hoffman] — her investigation led her to believe . . . We're talking about her investigation.  This is her understanding based on all the information that she really had either from your client or from Ms. Williams."  *Id.* at 42.  Moreover, as PCRA Counsel explained:

> The out of court statements of the victim, Ms. Williams, that were introduced against [Appellant] at trial, were accompanied by his own admissions.  We are talking about a conversation that involved [Appellant] in his own words.  Using [Appellant's] own words against him cannot violate the Sixth Amendment Confrontation Clause.

---

[2] On direct appeal, Appellant argued the trial court erred in admitting the messages because they were unauthenticated and hearsay.  *Johnston*, *supra* at *3.  We found the messages were sufficiently authenticated but found the hearsay issue waived.  *Id.* at *3 and *3 n.5.

> Furthermore, even if this had been objected to and even if it had been kept out at trial, the underlying conviction would have likely still taken place. The results of the search warrant were that evidence of drugs and drug paraphernalia were found. [Appellant's] own words which were also properly admitted at trial in a separate interview also established the basis for the search, and his knowledge of the drug-related items. In context, the jury had every right to conclude beyond a reasonable doubt [Appellant] was guilty.

No-Merit Letter at 7-8 (citations to record omitted).

The PCRA court shared PCRA Counsel's view. The court concluded "the statements were properly admitted into evidence . . . as exceptions to the hearsay rule, *viz.*, statements of a party opponent under the provisions of Rule 803(25) of the Pennsylvania Rules of Evidence. . . . [T]he statements are not hearsay, the 6th Amendment is not implicated, and Petitioner's claim fails." PCRA Ct. Op. at 12. Here, contrary to Appellant's assertion, the record reflects Trial Counsel did object to the admission of the text messages on the basis of hearsay, and the trial court overruled the objection. The record supports the finding that admission of the messages did not violate the 6th Amendment, and we will not fault counsel for failing to make an unmeritorious objection. *See Commonwealth v. Floyd*, 484 A.2d 365, 368 (Pa. 1984) ("it is not an 'unreasonable strategy,' to refrain from making nonmeritorious objections.") (citations omitted). Appellant's third issue lacks merit.

In his fourth issue, Appellant contends Trial Counsel was ineffective for "failing to object to Appellant's statement/interview being used as evidence by the Commonwealth without any independent evidence of a crime by

Appellant in violation of the *corpus delicti* rule." Appellant's Brief at 24

(unnecessary capitalization omitted). We disagree.

We have stated:

The *corpus delicti* rule is a rule of evidence. Our standard of review on appeals challenging an evidentiary ruling of the [trial] court is limited to a determination of whether the court abused its discretion.

The *corpus* [*delicti*] . . . rule places the burden on the prosecution to establish that a crime has actually occurred before a confession or admission of the accused connecting him to the crime can be admitted. The Commonwealth need not prove the existence of a crime beyond a reasonable doubt as an element in establishing the *corpus delicti* of a crime, but the evidence must be more consistent with a crime than with [an] accident. The *corpus delicti*, or "body of the crime," may be proven by circumstantial evidence.

Our Court has explained:

Establishing the *corpus delicti* in Pennsylvania is a two-step process. The first step concerns the trial judge's admission of the accused's statements and the second step concerns the fact finder's consideration of those statements. In order for the statement to be admitted, the Commonwealth must prove the *corpus delicti* by a preponderance of the evidence. In order for the statement to be considered by the fact finder, the Commonwealth must establish the *corpus delicti* beyond a reasonable doubt.

Simply put, the Commonwealth cannot convict a defendant solely upon their confession.

**Interest of G.E.W.**, 233 A.3d 893, 900 (Pa. Super. 2020) (quotation marks

and citations omitted).

Once again, PCRA Counsel aptly addressed Appellant's issue:

[Appellant's] complaint that trial counsel was ineffective for failing to object to the admission of [his] interview or statement in violation of the *corpus delicti* rule is without merit.

It is true that the Commonwealth typically presents the body of the crime before statements from [a defendant].  That is the proper order of proof.  However in this case, that proper order was not followed.  Rather, the Commonwealth introduced an interview of [Appellant] first, introduced the text message that involved [Appellant's] communications before introducing the results of the search warrant when police went to the home of [Appellant] and found the contraband that lead to these charges.

Was this objectionable? Yes, it was.

However, the undersigned believes that this argument is not worthy of PCRA relief.  While counsel for [Appellant] could have objected, it would have made no difference in the end.  The Commonwealth could have just as easily re-ordered their proof.  The order of proof and the satisfaction of the *corpus delicti* rule is in the sound discretion of the trial judge, like other evidentiary issues.  ***Commonwealth v. Smallwood***, 497 Pa. 476, 442 A.2d 222[, 225-26] (1982).

It appears from reading the transcript from the trial that the Commonwealth was simply seeking to tell a story in a chronological way that made sense to the jury.  This suspicion was confirmed when I reviewed the District Attorney's trial notes.  Failing to do so would have left [the jury] confused and perhaps not understanding all of the evidence in context.  It is noteworthy that this apparently benefited [Appellant], because in the end they did not find him guilty of the felony of criminal attempt to operate a meth lab.

No-Merit Letter at 5-6 (citations to record omitted).

We have reviewed the record and agree with PCRA Counsel's assessment.  On direct appeal, this Court found the evidence sufficient to sustain Appellant's convictions.  ***Johnston***, ***supra*** at *1-2.  Thus, the Commonwealth met its burden to prove *corpus delicti*.  In ***Smallwood***, under

- 13 -

analogous circumstances, our Supreme Court held trial counsel was not ineffective for failing to make a *corpus delicti* objection, where the only result would have been the Commonwealth's reordering of their proof. **Smallwood**, 442 A.2d 225-26. Appellant's fourth issue is meritless.

In his fifth and final issue, Appellant complains Trial Counsel was ineffective for failing to object to the Commonwealth's closing argument. Appellant's Brief at 31-33. Specifically, Appellant asserts the Commonwealth falsely stated there were "a lot of hypodermics" and methamphetamine found in Appellant's residence. ***Id.***; **see also**, N.T., 6/5/18, at 84.

To establish arguable merit for a claim that counsel was ineffective in failing to object to a prosecutor's comments to the jury, a defendant is required to show more than mere overzealous advocacy:

> It is within the discretion of the trial court to determine whether a defendant has been prejudiced by misconduct or impropriety to the extent that a mistrial is warranted. Comments by a prosecutor do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a true verdict.

**Commonwealth v. Bronshtein**, 691 A.2d 907, 917 (Pa. 1997) (citations omitted).

As to closing arguments, they

> must be considered in the context of the entire . . . summation, and allegations of prosecutorial misconduct will not warrant the grant of a new trial unless they are such as to arouse the jury's emotions to such an extent that it is impossible for the jury to reach a verdict based on relevant evidence.

*Id.* (citation omitted). Prosecutors may employ reasonable "oratorical flair" in their statements to the jury. *Id.* Additionally, where the trial court clearly instructs the jury that the prosecutor's comments are not evidence, we presume the jury followed the instruction. *Id.*

In its Rule 1925(a) opinion, the PCRA court found this claim lacked merit because although the Commonwealth's statements may not have been "crystal clear," they were not prejudicial given the context and evidence presented at trial. PCRA Ct. Op. at 11. We agree. The evidence at trial established that baggies found in Appellant's residence once contained needles used in syringes, as well as the syringes themselves; in addition, there was evidence of methamphetamine activity in the home, and Appellant's own words in text messages and his statement to police evince Appellant's possession of both hypodermics and methamphetamines. N.T., 6/5/18, at 32-33, 37. Thus, the PCRA court did not err in finding that Trial Counsel was not ineffective for failing to object to the prosecutor's statements, because the objection would have been overruled. Appellant's fifth claim does not merit relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>02/24/2021</u>